## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| COREY L. DIAMOND, | : | |
| Plaintiff, | : | |
| vs. | : | CA 20-00098-CG-MU |
| HERMAN THOMAS, | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (*see* Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Diamond has requested leave to proceed without prepayment of costs and fees (*see* Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED**, prior to service of process, because Plaintiff has failed to establish that this Court can exercise federal-question jurisdiction over this matter and, as a result, his complaint must be dismissed as frivolous.[1]

---

[1] Because Diamond's purported "claim" under 18 U.S.C. § 242 pertains to a criminal statute that does not provide a civil cause of action or any civil remedies, this Court cannot exercise subject-matter jurisdiction and his complaint is frivolous; therefore, the (Continued)

## **BRIEF BACKGROUND**

On February 20, 2020, the *pro se* Plaintiff filed a form complaint against Herman Thomas wherein he seeks damages in the amount of $3,000,000.00 for actions of the Defendant from 1998 through 2005 in ordering Diamond to pull his pants down and trying to paddle the Plaintiff. (Doc. 1, at 4) In the complaint, Diamond check-marked the box indicating that this Court can exercise federal-question jurisdiction (*see id.* at 3) over a claim he avers is brought against the Defendant solely in accordance with 18 U.S.C. § 242 (*see id.* at 4 & 5).

## **DISCUSSION**

Given that Plaintiff has specifically asserted only an 18 U.S.C. § 242 claim against Herman Thomas, and recognizing that this Court has previously determined that any § 1983 (or other claims) Plaintiff may possess arising out of Thomas' actions are time-barred, *see Diamond v. City of Mobile, Alabama,* 19-0917-CG-MU, there is no need for this Court to liberally construe Plaintiff's complaint as raising any other claim.

A complaint is deemed "frivolous" under § 1915(e)(2) where there is no subject-matter jurisdiction. *See Davis v. Ryan Oaks Apartment,* 357 Fed.Appx. 237, 238-39 (11th Cir. Dec. 17, 2009).² "'Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case.'" *Lobo v. Celebrity Cruises, Inc.,* 704 F.3d 882, 891 (11th Cir.) (citation omitted), *cert. denied,* 571 U.S. 817, 134 S.Ct. 61, 187 L.Ed.2d 26 (2013). And while

---

undersigned simply **MOOTS** Diamond's motion to proceed without prepayment of fees and costs (Doc. 2).

² Independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding *in forma pauperis*, this Court also has an obligation to ensure that subject-matter jurisdiction exists.

2

this Court must liberally construe Plaintiff's *pro se* pleading, "[l]iberal construction has its limits . . . and this court may not rewrite an otherwise deficient [pleading] in order to create jurisdiction." *In re Davis,* 237 B.R. 177, 181 (M.D. Ala. 1999) (citations omitted).[3]

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer,* 154 F.3d 1280, 1282 (11th Cir. 1998) (citation omitted).

Diamond has not alleged any "federal question" that would give this Court jurisdiction to decide his complaint. Plaintiff's citation to and reliance on 18 U.S.C. § 242, a civil rights law, does not suffice because that statute does not confer jurisdiction. Indeed, 18 U.S.C. § 242 is a criminal statute and does not include a civil cause of action nor may Plaintiff bring criminal charges against Defendant Herman Thomas through a private lawsuit. *Compare, e.g., Thibeaux v. U. S. Attorney General,* 275 Fed.Appx. 889, 893 (11th Cir. Apr. 20, 2008) (finding 18 U.S.C. § 242 does not provide a civil cause of action or any civil remedies) *with, e.g., SRP Sub LLC v. Johnson,* 2019 WL 5491837, *5 (N.D. Ga. Aug. 29, 2019) (finding that a party cannot bring criminal charges against an opposing party through a private lawsuit). Accordingly, this Court lacks subject-matter

---

[3] Stated somewhat differently, even though it is clear that "[p]leadings filed by *pro se* litigants are given liberal construction," these litigants are "'required [] to conform to procedural rules[,]'" *Cornelius v. U.S. Bank Nat'l Ass'n,* 452 Fed.Appx. 863, 865 (11th Cir. Nov. 29, 2011), quoting *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011), and, as a consequence, "must 'affirmatively allege facts demonstrating the existence of jurisdiction.'" *Id.*, quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) (other citation omitted).

jurisdiction and, therefore, Diamond's complaint must be dismissed as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED**, prior to service of process, because this Court cannot exercise federal-question jurisdiction; therefore, Diamond's complaint must be dismissed as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 3rd day of March, 2020.

                                          s/P. Bradley Murray
                                        **UNITED STATES MAGISTRATE JUDGE**